```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         EASTERN DIVISION
```

_____

| | |
|---|---|
| **BITUMINOUS CASUALTY CORP.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 07-1158 B/P |
| **TINDLE ENTERPRISES, INC.,** et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

                      **REPORT AND RECOMMENDATION**
_____

Before the court by order of reference are plaintiff Bituminous Casualty Corporation's ("Bituminous") Motions for Default Judgment against various defendants, pursuant to Fed. R. Civ. P. 55(b)(2). (D.E. 108-19.) To date, none of the defendants against whom default judgment is sought have filed responses. These motions were referred to the Magistrate Judge for a report and recommendation. For the reasons below, the court recommends that all of plaintiff's motions for default judgment be denied.

                      **I.  PROPOSED FINDINGS OF FACT**

Bituminous, an Illinois insurance company, brought this declaratory judgment action after it received a request by defendants Tindle Enterprises, Inc., Tindle Raceway Holdings, LLC, and Tindle Racing, LLC ("the Tindle defendants"), for coverage and

defense in six actions filed against them in Tennessee state court. The state actions arose from a June 16, 2007 accident involving a "pro modified" Corvette dragster, owned by AMS Staff Leasing, Inc. ("AMS") and driven by professional drag racing driver Troy Critchley.  The accident occurred at the conclusion of a city-sponsored charity event and parade in Selmer, Tennessee, when Critchley attempted a "burn out," a driving maneuver that involves accelerating the rear wheels past the point of traction so that they spin on the pavement, creating a large amount of smoke from the burned rubber of the tires.  Critchley allegedly lost control of the dragster and careened into the crowd of spectators, killing six and injuring some twenty-five others.  Six of the injured filed personal injury lawsuits in state court against, among others, the Tindle defendants, AMS, Critchley, and the City of Selmer.

On September 14, 2007, Bituminous filed its initial complaint against the Tindle defendants, Shelia Michelle Sisk and Jeff Sisk ("the Sisks"), Jeannie Dawn Townsend (individually and as next friend and guardian of B.V., a minor), Margaret C. Littlejohn (individually and as next friend and guardian of S.K., a minor), Shane A. Smith, Michael L. Smith, and Teresa A. Smith ("the Smiths"), and Michael Andrew James Bishop.[1]  In its complaint, Bituminous claims that it issued two insurance policies to Tindle

---

[1] The Sisks, Townsend, Littlejohn, the Smiths, and Bishop are the plaintiffs in the lawsuits filed in the Circuit Court for McNairy County, Tennessee, relating to the June 16 accident.

-2-

Enterprises, Inc. in Florida, one for commercial general liability and the other for commercial automobile coverage. Bituminous seeks a judgment from this court declaring that neither Tindle Racing, LLC nor Tindle Raceway Holdings, LLC, are insureds under either policy, that the damages sought in the underlying state court suits are not covered under either policy, and that it has no duty to defend or indemnify any of the Tindle defendants in connection with those actions.[2]

All of the defendants were served with the complaint during either the last week of September or in early October, 2007. On October 19, 2007, defendants Townsend, Littlejohn, the Smiths, and Bishop filed a joint answer to the complaint, asserting that Bituminous "should cover the activity resulting in [plaintiffs'] injuries" and that "now having answered this complaint, [these defendants] pray that they be dismissed from this lawsuit and that the Court find that the plaintiff Bituminous Casualty Corporation must extend coverage to [the Tindle defendants]." (D.E. 21.) On November 21, 2007, Bituminous filed motions for entry of default under Fed. R. Civ. P. 55(a) against the Sisks, both of whom had been served with the complaint on October 2, 2007, and neither of whom had filed answers. On November 26, 2007, the Clerk of Court entered default against the Sisks. On December 20, 2007, the Sisks

---

[2] Bituminous has retained mutually agreeable counsel to defend the Tindle defendants in the state actions under a reservation of rights to later deny coverage. (Compl. ¶ 24.)

filed an answer to the complaint, in which they denied that Bituminous was entitled to the relief sought in the complaint.

With leave of court, on January 2, 2008, Bituminous filed its first amended complaint, adding as defendants Darla Griswell (individually and as next friend and guardian of R.G. and Nicole Charm Griswell, deceased) and Cynthia Stephens.[3] On January 7, 2008, the Sisks filed an answer to the first amended complaint. On February 15, 2008, Stephens filed an answer to the first amended complaint. On July 3, 2008, Bituminous filed a motion for entry of default pursuant to Rule 55(a) against defendant Griswell, who had not filed an answer to the amended complaint despite being served on February 10, 2008. The Clerk entered default against Griswell on July 7, 2008.

On August 6, 2008, Bituminous filed a Motion for Leave to Amend Complaint by Interlineation, in order to add nine additional defendants, all of whom were individual plaintiffs who had recently filed state court personal injury cases against the Tindle defendants and others arising from the June 16 accident. On August 22, 2008, the court granted this second motion to amend the complaint. In that order, the court directed that "[a]ll defendants who have previously filed answers to the Complaint shall

---

[3] Griswell is a plaintiff in another lawsuit filed in the Circuit Court for McNairy County against, among others, the Tindle defendants. According to Bituminous's motion to amend complaint, Stephens was a potential plaintiff in state court litigation relating to the June 16 accident. (D.E. 31.)

be required to file answers to the Amended Complaint within ten days of the date hereof." (D.E. 76.)

On November 5, 2008, Bituminous moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against those defendants who had not filed answers to the second amended complaint. Those defendants included the Sisks, Griswell, Bruce Replogle, Littlejohn, the Smiths, Bishop, Stephens, and Townsend. Subsequently, on November 13, 2008, defendants Stephens, Littlejohn, the Smiths, Bishop, Townsend, Mettlen, and Weirich filed a joint answer to the second amended complaint.

## II.  PROPOSED CONCLUSIONS OF LAW

### A. Defendants Who Have Filed an Answer to Second Amended Complaint

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the court itself. Entry of a technical default by the Clerk under Rule 55(a) is the "first procedural step on the road to obtaining a default judgment," and must be obtained before a default judgment may be granted. Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986); see also United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983); United States v. 8771 Lake Road, 818 F. Supp. 199, 201 (W.D.

Mich. 1992); <u>Atlanta Gas Light Co. v. Semaphore Adver., Inc.</u>, 747 F. Supp. 715, 718 (S.D. Ga. 1990); <u>Piercy v. Miami Valley Ready-Mixed Pension Plan</u>, 110 F.R.D. 294, 296-97 (S.D. Ohio 1986).  When there has not been an entry of default by the Clerk, the court cannot enter a default judgment under Rule 55(b).  See <u>Hickman v. Burchett</u>, No. 2:07-cv-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008); <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)").

Bituminous has not sought or obtained from the Clerk an entry of default against the Smiths, Littlejohn, Bishop, Stephens, or Townsend.  Since Bituminous has not obtained an entry of default from the Clerk as to these defendants, the motions for default judgment should be denied.  Moreover, these defendants filed answers to the prior versions of the complaint and filed a joint answer to the second amended complaint on November 13, 2008.  While their answer to the second amended complaint was untimely under the court's August 22 order, it is submitted that they have demonstrated an intention to defend the litigation, and thus entry of default by the Clerk would not be warranted in any event.  See Fed. R. Civ. P. 55(a) (entry of default can be entered only when a party "has failed to plead or otherwise defend").  Therefore, it is recommended that the motions for default judgment be denied as to defendants Littlejohn, the Smiths, Bishop, Stephens, and Townsend,

and that the court accept as filed their joint answer to the second amended complaint.

## B. Defendants Who Have Not Filed an Answer to the Second Amended Complaint

### 1. Bruce Replogle

On September 29, 2008, Bituminous served defendant Bruce Replogle with the second amended complaint, which added him and other individuals as defendants to this action. On October 9, 2008, a Notice of Appearance was filed by counsel for Replogle, but to date, he has not filed an answer to the complaint.

As discussed above, Bituminous's motion for default judgment pursuant to Rule 55(b)(2) is premature, as Bituminous has not yet sought an entry of default from the Clerk under Rule 55(a). Therefore, it is recommended that the motion be denied.

### 2. The Sisks and Darla Griswell

Bituminous obtained an entry of default from the Clerk against defendants Shelia Sisk and Jeff Sisk on November 26, 2007, on the original complaint. Bituminous also obtained an entry of default against defendant Griswell on July 7, 2008, on the first amended complaint. However, after Bituminous obtained these entries of default but before it filed the motions seeking default judgment, Bituminous filed its second amended complaint.

"An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead

letter and 'no longer performs any function in the case.'" Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted). A motion for default judgment based on an entry of default on an earlier complaint becomes moot once the amended complaint is filed. See U.S. ex rel. SimplexGrinnell, LP v. Aegis Ins. Co., No. 1:08-CV-01728, 2009 WL 577286, at *3 (M.D. Pa. Mar. 5, 2009) (denying motion for default judgment after plaintiff obtained entry of default on original complaint because "the original complaint upon which the motion for default judgment relied no longer exists"); see also Rock v. Am. Express Travel Related Serv. Co., Inc., No. 1:08-CV-0853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008); Best W. Int'l, Inc. v. Melbourne Hotel Investors, LLC, No. CV 06-2276, 2007 WL 2990132, at *1 (D. Ariz. Oct. 10, 2007); Dourlain v. United States, No. 5:01CV1251, 2003 WL 22753452, at *2 (N.D.N.Y. Sept. 26, 2003); Vanguard Fin. Serv. Corp. v. Johnson, 736 F. Supp. 832, 835 (N.D. Ill. 1990); Haamid v. United States, No. 89-0780, 1990 WL 210610, at *1 (E.D. Pa. Dec. 18, 1990); Nelson v. Nationwide Mortgage Corp., 659 F. Supp. 611, 615 (D.D.C. 1987). Therefore, it is recommended that the motions for default judgment as to the Sisks and Griswell be denied.

### III. RECOMMENDATION

For the reasons above, it is recommended that all of Bituminous's motions for default judgment be denied. It is further recommended that the court accept as filed the joint answer for

defendants Littlejohn, the Smiths, Bishop, Stephens, and Townsend. It is further recommended that, if the court enters an order adopting this report and recommendation, defendants Replogle, the Sisks, and Griswell be directed to file answers to the second amended complaint within ten (10) days from the entry of that order.

    Respectfully submitted,

                                    s/ Tu M. Pham
                                    TU M. PHAM

                                    August 3, 2009
                                    Date


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**